UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:13-CR-00016-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DERRICK NATHANIEL HARTFIELD (01)** | **MAGISTRATE JUDGE HANNA** |

### MEMORANDUM ORDER

Before the Court is a Motion for Compassionate Release (Rec. #94) pursuant to 18 U.S.C. § 3582(c)(1)(A).  Defendant Derrick Nathaniel Hartfield seeks to be released from FCI Forrest City, Arkansas based on a generalized fear of contracting COVID-19.

Hartfield was convicted of Aggravated Identity Theft[1] and Wire Fraud[2] on July 7, 2012.  He was sentenced to serve 24 months and 60 months imprisonment, consecutively. After his release, Hartfield began his term of supervised release.  On January 8, 2020, Hartfield's release was revoked due to several violations including the commission of a criminal offense that was nearly identical in nature to the conduct that was the basis of his underlying conviction. Hartfield was sentenced to 27 months to run consecutively to any sentence imposed as a result of the probation violation in Rutherford County, Tennessee.[3]

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. 3582(c), a court generally may not modify a term of imprisonment once it has been imposed, except

---

[1] 18 U.S.C. § 1028A.
[2] 18 U.S.C. § 1343.
[3] Rec. 92.

in three circumstances; (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In context of relief under § 3582(c)(2), which allows a sentence reduction based on a retroactive guideline amendment, the Fifth Circuit has recognized that prerequisites are jurisdictional. See *United States v. Garcia,* 606 F.3d 209, 212 & n. 5 (5th Cir. 2010) (The first question is whether the district court has jurisdiction).

The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use this provision to directly petition the court for compassionate release. The court may only act, however, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Thus, the inmate is required to exhaust his administrative remedies with the BOP before bringing such a request to the court and exhaustion is a jurisdictional prerequisite for the court's ability to grant relief. *See, e.g.*, *United States v. Johnson*, 2020 WL 1663360, at *3–*6 (D. Md. Apr. 3, 2020); *United States v. Koons*, 2020 WL 1940570 (W.D. La. Apr. 21, 2020).

The Supreme Court has recently reaffirmed the principle that a district court may not ignore a statutory command such as that included in § 3582(c)(1)(A). In *Ross v. Blake,* 136 S.Ct. 1850 (2016), the Court rejected a judicially created "special circumstances" exception to the exhaustion requirement stated in the Prison Litigation Reform Act of 1995 ("PLRA"). That Act mandates that an inmate exhaust "such administrative remedies as are available" before bringing suit to challenge prison conditions. 42 U.S.C. § 1997e(a). The Court rejected the "freewheeling approach" adopted by some courts of appeals, under which some prisoners were permitted to pursue PLRA litigation even when they had failed to exhaust available administrative remedies. *Ross,* 136 S.Ct. at 1855. The Court explained that the "mandatory language" of the exhaustion requirement "means a court may not excuse a failure to exhaust" even to accommodate exceptional circumstances. *Id* at 1856.

Congress' requirement that inmates must initially resort to administrative remedies exists for good reason: BOP conducts an extensive assessment for such requests, and it is in the best position do so. See 28 C.F.R. § 571.62(a); BOP Program Statement 5050.50, Compassionate Release/Reduction in Sentence; Procedures for Implementation of 18 U.S.C. § § 3582(c)(1)(A) and 4205(g). Based on those procedures, the BOP completes a diligent and thorough review, applying its expertise concerning both the inmate and the conditions of confinement.

Consequently, Hartfield must first present his request to the BOP and permit it to evaluate his current circumstances in light of the COVID-19 concerns. He cannot petition for judicial relief until, as the statute provides, the BOP denies the request or 30 days have passed after presentation of the request to the Warden, whichever is earlier.

The Government informs the Court that the records from the legal department at FCI Forrest reveal that Hartfield has not filed an administrative request.

## **CONCLUSION**

Because Hartfield has failed to exhaust his administrative remedies,

**IT IS ORDERED** that the motion for compassionate release is hereby **DENIED** for lack of jurisdiction.

**THUS DONE AND SIGNED** in Chambers, on this 22nd day of June, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**