UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 2:13-CR-00016-01 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| DERRICK NATHANIEL HARTFIELD (01) | MAGISTRATE JUDGE HANNA |

MEMORANDUM RULING

Before the court is a second Motion for Compassionate Release or Release to Home Confinement [doc. 98] filed by defendant Derrick Nathaniel Hartfield, who is currently serving a term of imprisonment following a revocation of supervised release. The government opposes the motion. Doc. 105.

I.
BACKGROUND

Mr. Hartfield was indicted in this court on January 15, 2013, and charged with multiple counts of wire fraud, use of an unauthorized access device, and aggravated identity theft. Doc. 4. He pleaded guilty to one count of wire fraud and one count of aggravated identity theft, and was then sentenced on November 19, 2013, to consecutive terms of imprisonment of 60 and 24 months and four years of supervised release. Docs. 52, 69. Mr. Hartfield was released from the custody of the Bureau of Prisons on March 8, 2019, and began serving his term of supervised release. *See* doc. 81, p. 1. On January 8, 2020, however, the court revoked his release for multiple violations, including a conviction of identity theft following his arrest in Tennessee in July 2019. Docs. 87, 92. As a result, Mr.

Hartfield was sentenced to a 27-month term of imprisonment with an additional 33 months of supervised release. Doc. 92. The court ordered that Mr. Hartfield be given credit for time served but that the revocation sentence run consecutive to any term of imprisonment imposed for the Tennessee conviction. *Id.*

Mr. Hartfield is currently incarcerated at the Federal Correctional Institution at Forrest City, Arkansas. According to the BOP Inmate Locator, he is scheduled for release on September 21, 2021. Earlier this year he moved for compassionate release based on the COVID-19 pandemic, asserting that he fears contracting the virus because of his age (53) and preexisting condition (diabetes). Doc. 94. The government opposed the motion due to Mr. Hartfield's failure to exhaust his administrative remedies and the court denied it on those same grounds. Docs. 96, 97. Mr. Hartfield now brings a second motion for compassionate release, citing the same health concerns and showing that his request for compassionate relief was denied by the warden on September 8, 2020. Doc. 98; *see* doc. 106, att. 1.

## II.
## LAW & APPLICATION

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use this provision to directly petition the court for compassionate release. The court may only

act, however, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, the inmate is required to exhaust his administrative remedies with the BOP before bringing such a request to the court and exhaustion is a jurisdictional prerequisite for the court's ability to grant relief. *See, e.g.*, *United States v. Johnson*, 2020 WL 1663360, at *3–*6 (D. Md. Apr. 3, 2020); *United States v. Koons*, 2020 WL 1940570 (W.D. La. Apr. 21, 2020).

Mr. Hartfield shows that he filed a request for compassionate release with the warden at FCI Forrest City, citing his medical conditions and his fear of contracting COVID-19. Doc. 106, att. 1, p. 1. He also shows that this request was denied on September 8, 2020. Specifically, the warden stated:

> Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement NO. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provide guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.
> The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your

>   sentence. Accordingly, your [Reduction in Sentence] request is denied at this time.

*Id.* at 2. Accordingly, the request is exhausted and the court may now consider Mr. Hartfield's motion.

In support of his motion, Mr. Hartfield attaches health services records from that confirm his conditions of diabetes and hypertension. *See* doc. 104, att. 1. As the government notes, the conditions appear to be managed with his care through the BOP. Managed medical conditions usually do not provide a basis for compassionate release under the relevant program statements. *See* BOP Prog. Statement 5050.50. This general rule, however, does not reflect present concerns about the COVID-19 pandemic. Several courts have found that the pandemic may present an extraordinary and compelling circumstance warranting compassionate release, particularly in the case of a defendant who is at risk for severe illness by reason of preexisting medical conditions. *See United States v. Mazur*, __ F.Supp.3d __, 2020 WL 2113613, at *4 (E.D. La. May 4, 2020) (collecting cases); *see also United States v. Furlow*, 2020 WL 3967719 (W.D. La. Jul. 13, 2020); *United States v. Malone*, 2020 WL 3065905 (W.D. La. June 9, 2020). Regardless of Mr. Hartfield's health concerns, however, the government maintains that he is not eligible for compassionate release because he has failed to show that he is not a danger to others or that his release is otherwise consistent with the factors outlined in 18 U.S.C. § 3553(a).

Even where the defendant has demonstrated that he is eligible for compassionate relief based on extraordinary circumstances, the court is also required to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable . . . ." 18 U.S.C. §

3582(c)(1)(A). Section 3553(a) contains factors that the court must consider in determining the length of a sentence, including (1) to reflect the seriousness of the offense, (2) to afford adequate deterrence of criminal conduct, and (3) to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2).

Mr. Hartfield's presentence report showed that he had a lengthy criminal history by the time of his arrest in 2013, with numerous fraud and theft convictions across several states. Doc. 62. After his release from this court's original term of imprisonment, for one count of wire fraud and one count of aggravated identity theft, Mr. Hartfield violated his conditions of supervised released by crossing state lines and committing identity theft. *See* docs. 81, 83, 87. Mr. Hartfield still has eleven months remaining on his revocation sentence.

Based on these factors, the government argues that the original sentence was adequately calculated to reflect the seriousness of the offense and that Mr. Hartfield's history and offense characteristics necessitate he serve his full sentence in the interest of protecting the public. The court agrees. In light of Mr. Hartfield's criminal history and lack of any demonstrated rehabilitation, the factors set forth in § 3553(a) override the court's determination that the dangers posed by the COVID-19 pandemic might serve as a basis for a reduction in sentence.

## III.
### CONCLUSION

For the reasons stated above the Motion for Compassionate Release [doc. 98] is

**DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 27th day of October, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**